UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BIBI SALIMA CHANKOO,

                            Petitioner,                    13 Civ. 4963 (PKC)
                                                                   11 Cr. 571 (PKC)
        -against-

                                                                     MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,

                            Respondent.
-----------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 3-6-14

CASTEL, District Judge:

        Bibi Salima Chankoo has filed, pro se, a petition to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. She asserts that she was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Specifically, she contends that her counsel performed ineffectively by 1.) not sufficiently emphasizing her cooperation with the government during sentencing proceedings, 2.) inaccurately informing her that her plea allocution was scheduled to take place at 2:30 p.m. on July 26, 2012, when it was in fact scheduled for 11 a.m. that same day, and 3.) indicating "that my case was not as serious as it was until my plea bargain was negotiated with the prosecutor." (Petition, 13 Civ. 4963, Docket # 1.)

        For the reasons explained, the petitioner has not shown that her counsel was ineffective under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).

BACKGROUND

        On July 6, 2011, a grand jury returned an indictment charging Chankoo with one count of attempted bank fraud and one count of aggravated identity theft in violation of 18 U.S.C. §§ 1344 and 1028A. (11 Cr. 571, Docket # 14.) On March 20, 2012, Chankoo waived indictment and consented to the filing of an information, which charged her with one count of

conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. §§ 1343 & 1344. (11 Cr. 571, Docket # 20, 21.) On that same day, Chankoo signed a plea agreement with the government, which is set forth in a letter dated January 30, 2012. (11 Cr. 571, Docket # 35-2.) The agreement summarized the government's charges against her and noted a maximum statutory penalty of 30 years' imprisonment. (Id.) After a full plea allocution, plaintiff entered a plea of guilty to the sole count charged in the information. (11 Cr. 571, 3/20/2012 minute entry; Transcript, 13 Civ. 4963 Docket # 35-3.)

As part of the plea allocution of March 20, Chankoo confirmed that she understood that she faced a maximum term of imprisonment of thirty years, and the potential that a restitution obligation could be imposed upon her. (Plea Tr. at 9-10.) She also confirmed her desire to plead guilty and not proceed to trial, and that she had reviewed the plea agreement and understood the potential range of sentences. (Plea Tr. at 9, 13-16.) She stated that she was satisfied with the performance of her counsel, and that her plea of guilty was entered voluntarily and without coercion. (Plea Tr. at 5, 12-14.) In the course of the plea proceeding, the government stated that, if Chankoo had proceeded to trial, it would have come forward with evidence that she had agreed with others to defraud mortgage-lending businesses by using fake identifications to obtain loans secured by real property, and thereafter retained the proceeds without repaying the loans. (Plea Tr. at 16-17.) Chankoo stated that between 2008 and 2011, she agreed to defraud financial institutions by making false statements, and that she understood her conduct to be illegal. (Plea Tr. at 17.)

On July 26, 2012, the Court sentenced petitioner to 41 months of imprisonment, three years of supervised release, restitution in the amount of $2,563,850 and an assessment of $100. (11 Cr. 571, Docket # 27; Transcript, 11 Cr. 571, Docket # 35-4.)

DISCUSSION

<span></span>Strickland requires a two-part showing to establish ineffective assistance of counsel. First, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. To be considered ineffective, the attorney's performance must fall below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 687-88. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. To show prejudice in the context of a guilty plea, a defendant must establish "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). "[I]t is often quite difficult for petitioners who have acknowledged their guilt to satisfy Strickland's prejudice prong." Id. at 371 n.12.

When a defendant seeks relief under section 2255, "[i]f the moving papers themselves disclose the inadequacies of the defendant's case, and the opportunity to present live witnesses would clearly be unavailing, the court may rest its decision solely on the basis of the affidavits and memoranda submitted and need not resort to an evidentiary hearing." United States v. Salameh, 54 F. Supp.2d 236, 248 (S.D.N.Y. 1999) (Duffy, J.) (citing United States v. Helmsley, 985 F.2d 1202, 1210 (2d Cir. 1993)).

Chankoo first asserts that her counsel was ineffective because he "did not bring up or remind or emphasize to the judge that I cooperated with the FBI and gave the FBI a great deal of helpful information." (Petition at 5.) However, the sentencing memorandum filed on

Chankoo's behalf by her counsel, a lawyer with the Federal Defenders of New York, observed that "[s]hortly after she was arrested, Ms. Chankoo acknowledged her guilt and met with the government on several occasions. While it did not ripen into cooperation, she provided context and historical background for the government's continuing investigation." (11 Cr. 571, Docket # 35-6, at 2.) The Court considered her counsel's written submission, and, thus, was aware that Chankoo had provided information to the government. The government asserts that if counsel had overstated the extent of her cooperation, it would have come forward with evidence that Chankoo had provided false information in her proffer sessions. (See Affirmation of Special Agent John G. Karounos, 11 Cr. 571, Docket # 35-5.) Because counsel informed the Court in his written submission that Chankoo provided some assistance to the government, and because she did not have the status of a cooperator, her assertion that counsel failed to "emphasize to the judge that I cooperated" does not establish either ineffectiveness or prejudice under Strickland.

Second, Chankoo asserts that her counsel "told me my plea bargain hearing was at 2:30 p.m. when it was actually scheduled for 11 a.m. on July 26, 2012." (Petition at 6.) Indeed, the hearing of July 26, 2012 commenced at approximately 11:22 a.m. (11 Cr. 571, Docket # 35-3.) Assuming that counsel incorrectly informed Chankoo of the hearing's scheduled time, she has identified no resulting prejudice. At that same hearing, she confirmed that she was satisfied with the quality of representation provided by her attorney. (11 Cr. 571, Docket # 35-3, at 5.) Therefore, assuming that she was misinformed of the starting time of the hearing at which she pleaded guilty, Chankoo has not established prejudice under Strickland.

Finally, Chankoo asserts that her attorney "led me to believe that my case was not as serious as it was until my plea bargain was negotiated with the prosecutor." (Petition at 8.) This very assertion, however, establishes that Chankoo's counsel informed her of the seriousness

of the charged offense, and did so prior to her decision to enter a guilty plea. Thus informed, Chankoo still elected to plead guilty. Chankoo does not identify what different actions she may have taken or how the outcome of her proceedings may have been different if she had been informed at an earlier time as to the seriousness of her case. Plaintiff has therefore failed to identify either deficient attorney performance or prejudice under Strickland.

Because none of Chankoo's three proposed instances of ineffective assistance provides a basis to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, her petition is denied.

CONCLUSION

The petition is DENIED. The Clerk is directed to terminate plaintiff's motion (11 Cr. 571, Docket # 31) and to enter judgment for the respondent in 13 Civ. 4963 (PKC).

Chankoo has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161 (2011) (per curiam). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S, 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
March 5, 2014

P. Kevin Castel
United States District Judge